UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

RODNEY ALFRED BUSTILLO SR.,        )
                                   )
            Petitioner             )
                                   )    Civil Action No.
        v.                         )    05cv11414-JLT
                                   )
BRUCE CHADBOURNE, FIELD            )
OFFICE DIRECTOR, IMMIGRATION       )
& CUSTOMS ENFORCEMENT,             )
DEPARTMENT OF HOMELAND SECURITY )
                                   )
            Respondent[1]          )

RETURN AND MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

SUMMARY CASE STATEMENT

Petitioner is detained pending execution of his deportation

order, which has been stayed pending determination of his

petition for review at the First Circuit Court of Appeals.

Bustillo v. Gonzalez, No. 05-1277 (1st Cir. filed 2005); see

Attachment A.

The decision of the First Circuit in that case will render

the instant habeas action moot, because either a new "removal

period" will commence[2] mandating petitioner's detention (if the

---

[1] The responsive official of the Department of Homeland Security
responsible for enforcement of petitioner's removal order in the
instant action is Bruce Chadbourne, Field Office Director for
Detention and Removal, Department of Homeland Security, Bureau of
Immigration and Customs Enforcement ("ICE") in Boston,
Massachusetts. See 28 U.S.C. § 517 (providing for the appearance
of the Department of Justice "to attend to the interests of the
United States in a suit pending in a court of the United
States").

[2] See section 241(a)(1)(B)(ii) of the Immigration and Nationality
Act ("INA"), 8 U.S.C. § 1231(a)(1)(B)(ii) (where a court orders a

court's decision upholds the deportation order), or the deportation order will be vacated.

The petition fails to state a claim upon which relief may be granted, because petitioner is lawfully detained pending execution of his deportation order upon a discretionary determination of the Bureau of Immigration and Customs Enforcement, Department of Homeland Security.  See Attachment B. A discretionary decision by an administrative agency concerning a deportation-related matter may not be reviewed in habeas corpus proceedings, and so this Court also lacks subject matter jurisdiction to review that exercise of administrative discretion.

Also, to the extent that petitioner asserts any error in the entry of his deportation order or denial of his motion to reopen, see Petition, p. 6, judicial review is available if at all only at the First Circuit Court of Appeals in the pending Bustillo v. Gonzalez, No. 05-1277 (1st Cir. filed 2005).

### STATEMENT OF THE CASE

Petitioner is a native and citizen of Honduras who was admitted to the United States as a lawful permanent residence on June 13, 1970.  On February 15, 1995, petitioner was convicted in

---

stay of removal in connection with judicial review of a removal order, a "removal period" commences on the date of the court's final order).

Providence Superior Court, Providence, Rhode Island for the offense of Delivery of a Class B Controlled Substance (Cocaine).[3]

Deportation proceedings commenced against petitioner based upon the issuance by the former Immigration and Naturalization Service ("INS") of an administrative Order to Show Cause dated May 2, 1995. The deportation proceedings that followed ultimately resulted in a remand of the case from the Board of Immigration Appeals ("BIA") back to the Immigration Judge. The Immigration Judge then heard petitioner's application for discretionary administrative relief under former section 212(c) of the Immigration and Nationality Act ("INA"), former 8 U.S.C. § 1182(c), and granted petitioner discretionary relief on May 27, 2004.

The Department of Homeland Security appealed that discretionary grant of relief, and by decision dated October 13, 2004, the BIA reversed the Immigration Judge's discretionary grant of relief and ordered petitioner deported to Honduras. See Attachment C. Petitioner then filed a motion to reopen his case at the BIA, but the BIA denied that motion on February 22, 2005.

Petitioner filed a petition for judicial review of the February 22, 2005, BIA order at the First Circuit Court of Appeals on March 2, 2005, and the First Circuit stayed petitioner's deportation on March 2, 2005, and extended its stay

---

[3] Petitioner was also convicted at other times for domestic assaults, vandalism, and disorderly conduct.

on March 4, 2005.  Attachment A, <u>Bustillo v. Gonzalez</u>, 05-1277

(1st Cir. filed 2005), Order (PACER Docket Report).

**ARGUMENT**

I.    THE DISTRICT COURT LACKS SUBJECT MATTER JURISDICTION TO
      REVIEW PETITIONER'S CLAIMS CHALLENGING HIS DEPORTATION
      ORDER.

To the extent that petitioner asserts any error in the entry

of his deportation order or denial of his motion to reopen, <u>see</u>

Petition, p. 6, judicial review is available if at all only at

the First Circuit Court of Appeals in the pending <u>Bustillo v.</u>

<u>Gonzalez</u>, 05-1277 (1st Cir. filed 2005).

Through various sections of the Real ID Act of 2005

("RIDA")[4] Congress has amended the judicial review provisions of

the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 et

seq., to now explicitly provide that all review of removal and

deportation orders is exclusively in the appropriate United

States Circuit Courts of Appeals, even for aliens who have

criminally-based removal orders.  It is now unambiguously

directed that no court has any jurisdiction to review such

removal orders[5] other than as provided by statute at the circuit

---

[4] The Emergency Supplemental Appropriations Act for Defense, the
Global War on Terror, and Tsunami Relief, 2005, (H.R. 1268),
which includes the REAL ID Act of 2005, Division B of Title VII
of H.R. 1268, 109th Cong. (2005), Pub. L. No. 109-13, Div. B, 119
Stat. 231.

[5] RIDA section 106(a)(1)(B) creates new INA section 242(a)(5), 8
U.S.C. § 1252(a)(5):

(5) EXCLUSIVE MEANS OF REVIEW- Notwithstanding any other
provision of law (statutory or nonstatutory), including

court of appeals.[6] <u>Enwonwu v. Chertoff</u>, --- F.Supp.2d --- (D.
Mass. 2005) (Young, C.J.)(2005 WL 1631121, at *1 )("Congress
stripped this Court of jurisdiction to act in this pending case
and all others like it.").

Prior to the enactment of RIDA on May 11, 2005, circuit
courts had determined generally that the jurisdictional bar to
judicial review at 8 U.S.C. § 1252(a)(2)(C) effectively kept
criminally-based deportation and removal cases from being
reviewed at the circuit, except for certain threshold
jurisdictional questions relating to the bars themselves. <u>See
e.g.</u> <u>Sousa v. INA</u>, 226 F.3d 28, 31 (1st Cir. 2000) ("INA section
242(a)(2)(C) is not a bar to our considering Sousa's claim that
he is not removable as an aggravated felon.").

The result was that petitioners with such criminally-based
removal orders sought habeas corpus review of their cases in the
district court where possible, because it was held that the

_____

section 2241 of title 28, United States Code, or any other habeas
corpus provision, and sections 1361 and 1651 of such title, a
petition for review filed with an appropriate court of appeals in
accordance with this section shall be the sole and exclusive
means for judicial review of an order of removal entered or
issued under any provision of this Act, except as provided in
subsection (e). For purposes of this Act, in every provision that
limits or eliminates judicial review or jurisdiction to review,
the terms `judicial review' and `jurisdiction to review' include
habeas corpus review pursuant to section 2241 of title 28, United
States Code, or any other habeas corpus provision, sections 1361
and 1651 of such title, and review pursuant to any other
provision of law (statutory or nonstatutory).

[6] <u>See</u> 8 U.S.C. § 1252(b)(2) (prescribing venue in review of a
removal order, "[t]he petition for review shall be filed with the

absence of an explicit reference to habeas corpus jurisdiction under 28 U.S.C. § 2241 in prior Congressional efforts to limit judicial review was ineffective to restrict such habeas corpus review.  See e.g. Goncalves v. Reno, et al., 144 F.3d 110, 120 (1st Cir. 1998), cert. denied 526 U.S. 1004, ("any repeal of the federal courts' historic habeas jurisdiction must be explicit and make express reference specifically to the statute granting jurisdiction."); Mahadeo v. Reno, et al., 226 F.3d 3, 10 (1st Cir. 2000) (pre-RIDA judicial review provisions for removal orders "lack the clear statement of the congressional intent necessary to eliminate habeas review.").  Also, the absence of any other forum for review of criminally-based removal orders was a factor in court determinations that pre-RIDA judicial review provisions did not repeal habeas corpus review of removal orders by implication.  INS v. St. Cyr, 533 U.S. 289, 314 (2001).

However, with the enactment of RIDA Congress has at once now unequivocally indicated its intent to eliminate habeas corpus review of removal orders and at the same time indicated its intent to provide judicial review for all removal orders in the circuit courts of appeals.[7]  RIDA section 106(a)(1)(A)(iii) has now created a new section of the INA, section 242(a)(2)(D), 8

court of appeals for the judicial circuit in which the immigration judge completed the proceedings.").

[7] See Conference Report, 151 Cong. Rec. H2813, 2873, 109th Cong., 1st Sess., available at 2005 WL 1025891 (May 3, 2005)("Under the amendments in section 106, all aliens will get review in the same forum -- the courts of appeal.").

6

U.S.C. § 1252(a)(2)(D),[8] that explicitly provides for a review
for even criminally-based removal cases in the circuit court,
viz., "review of constitutional claims or questions of law". Cf.
Carranza v. INS, 277 F.3d 65, 71 (1st Cir. 2002) (federal courts
"retain subject matter jurisdiction over habeas petitions brought
by aliens facing removal to the extent those petitions are based
on colorable claims of legal error, that is, colorable claims
that an alien's statutory or constitutional rights have been
violated."). See also Papageorgiou v. Gonzales, 413 F.3d 356, 358
(3rd Cir. 2005) (2005 WL 1490454) ("With this [RIDA] amendment,
Congress evidenced its intent to restore judicial review of
constitutional  claims and questions of law presented in
petitions for review of final removal orders."); Fernandez-Ruiz
v. Gonzalez, 410 F.3d 585, 587 (9th Cir. 2005)("By this [RIDA]
amendment, Congress restored judicial review of constitutional
claims and questions of law presented in petitions for review of
final removal orders.").

_____

[8] RIDA Section 106(a)(1)(A)(iii) creates new INA section
242(a)(2)(D):

JUDICIAL REVIEW OF CERTAIN LEGAL CLAIMS.-
Nothing in subparagraph (B) or (C) [i.e., INA sections
242(a)(2)(B) and (C), 8 U.S.C. §§ 1252(a)(2)(B) and (C)], or in
any other provision of this Act (other than this section) which
limits or eliminates judicial review, shall be construed as
precluding review of constitutional claims or questions of law
raised upon a petition for review filed with an appropriate court
of appeals in accordance with this section.

The RIDA's explicit elimination of subject matter jurisdiction under 28 U.S.C. § 2241 when read with RIDA's explicit provision for "review of constitutional claims or questions of law" for all aliens upon properly filed petitions for review at the circuit court, is now congruent with the Supreme Court's recognition that "Congress could without raising any constitutional questions, provide an adequate substitute [to section 2241] through the courts of appeal." INS v. St. Cyr, 533 U.S. 289, 314 n.38 (2001). See also Swain v. Pressley, 430 U.S. 373, 381 (1977) ("[T]he substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention" does not violate the Suspension Clause.).[9]

Additionally, RIDA amends INA section 242(b)(9),[10] 8 U.S.C. § 1252(b)(9), and INA section 242(g),[11] 8 U.S.C. § 1252(g), to

_____

[9] Habeas challenges to pure detention -- that is, challenges only as to the fact of detention or continuing detention and not vicariously to the lawfulness of a removal order -- are not affected by the RIDA section 106 jurisdictional amendments. See Conference Report, 151 Cong. Rec. H2813, 2873, 109th Cong., 1st Sess., available at 2005 WL 1025891 (May 3, 2005)("Moreover, section 106 would not preclude habeas review over challenges to detention that are independent of challenges to removal orders.").

[10] Amendments made by Section 106(a)(2) RIDA to INA section 242(b)(9):

242(b)(9) CONSOLIDATION OF QUESTIONS FOR JUDICIAL REVIEW.- Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this title shall be available only in judicial review of a final order under this section. *Except as otherwise provided in this section, no court*

plainly include 28 U.S.C. § 2241, inter alia, as being within the express terms of those statutory jurisdictional review bars.

The sum and substance of these amendments is to make explicit that no court other than the court of appeals as provided by statute now has any subject matter jurisdiction respecting "all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States", and respecting "any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against

---

*shall have jurisdiction, by habeas corpus under section 2241 of title 28, United States Code, or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.*

(Amended language emphasized).

[11] Amendments made by Section 106(a)(3) RIDA to INA section 242(g):

242(g) EXCLUSIVE JURISDICTION.--Except as provided in this section and notwithstanding any other provision of law *(statutory or nonstatutory) including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title,* no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this Act.

(Amended language emphasized).

9

any alien under this [INA]".   INA sections 242(b)(9) and 242(g),
respectively, as amended by RIDA.

The effective date for these RIDA judicial review amendments
provides that the provisions "shall apply to cases in which the
final administrative order of removal, deportation, or exclusion
was issued before, on, or after the date of enactment of this
division [The Real ID Act of 2005]."[12]   The RIDA was enacted on
May 11, 2005.

Accordingly, under the RIDA amendments the Court lacks
subject matter jurisdiction over the petition's challenge to the
deportation order or motion to reopen denial, and any
consideration of these claim lies only, if at all,[13] at the First
Circuit Court of Appeals in the pending Bustillo v. Gonzalez, No.
05-1277 (1st Cir. filed 2005).

II.  PETITIONER IS LAWFULLY DETAINED PENDING EXECUTION OF HIS
     FINAL ORDER OF DEPORTATION AS AUTHORIZED BY STATUTE.

Because petitioner is subject to a final order of
deportation, his administrative detention pending execution of
that order is authorized by statutory command. See 8 U.S.C. §

---

[12] RIDA section 106(b) provides for the effective dates of the
RIDA section 106(a) amendments:

106(b) EFFECTIVE DATE.- The amendments made by subsection [RIDA
106] (a) shall take effect upon the date of enactment of this
division and shall apply to cases in which the final
administrative order of removal, deportation, or exclusion was
issued before, on, or after the date of enactment of this
division.

1227(a) ("[a]ny alien  . . .  in and admitted to the United States
shall, upon the order of the Attorney General, be removed if the
alien is within one or more of the [statutorily enumerated
classes of deportable aliens]"). (Emphasis added).  See also
Carlson v. Landon, 343 U.S. 524, 538 (1952) ("[d]etention is
necessarily a part of this deportation procedure").  Moreover,
title 8 U.S.C. § 1231(a)(2) directs that: "During the removal
period, the Attorney General shall detain the alien.". (Emphasis
added).

      Because petitioner's continuing detention pending execution
of his final deportation order is the result of petitioner's own
efforts to forestall his deportation from the United States by
seeking and obtaining a stay from the circuit court, petitioner's
detention pending execution of his deportation order is
authorized by section 241(a)(1)(C) of the Immigration and
Nationality Act ("INA"), 8 U.S.C. § 1231(a)(1)(C). ("The removal
period shall be extended beyond a period of 90 days and the alien
may remain in detention during such extended period if the alien
. . . acts to prevent the alien's removal subject to an order of
removal"). (Emphasis added).  Cf. Lema v. USINS, 214 F.Supp.2d
1116 (W.D. Wash. 2002) ("§ 1231(a)(1)(C) evidences Congress'
intent to permit continued detention when an alien refuses to
cooperate and attempts to thwart the INS' efforts to deport
him."); Powell v. Ashcroft, et al., 194 F.Supp.2d 209 (E.D.N.Y.

---

[13] It is for the circuit court to determine whether any bars

2002) ("if an alien acts to frustrate the INS's ability to remove him, the removal period is tolled during the period of the alien's actions" under 8 U.S.C. § 1231(a)(1)(C)).

Because petitioner himself, by obtaining a stay of deportation, has "acted to prevent [his] removal subject to an order of removal", 8 U.S.C. § 1231(a)(1)(C), his continuing detention is authorized by statute.

What is more, it has been recognized by the First Circuit that the "propriety of detention depend[s] in large part on questions of law over which this [circuit] court--and only this court--ha[s] jurisdiction."). Arevalo v. Ashcroft, 344 F.3d 1, 16-7 (1st Cir. 2003). In Arevalo, supra, once the First Circuit determined the legal issues on the petition for review there, it then transferred the case back to the district court "for further proceedings on the remnant habeas claim."

Petitioner's request for release from custody pending the First Circuit's determination of petitioner's petition for judicial review was denied by respondent on May 5, 2005, in the exercise of discretion, see Attachment B, and this Court lacks jurisdiction to review administrative discretionary determinations in habeas corpus proceedings. St. Fort v. Ashcroft, 329 F.3d 191, 202 (1st Cir. 2003) ("[t]he scope of habeas review is not the same as the scope of statutory judicial review in the courts of appeal . . . . if a statute makes an

---

exist to its consideration of a particular case.

alien eligible to be considered for a certain form of relief, he may raise on habeas the refusal of the agency to even consider him. But he may not challenge the agency's decision to exercise or not exercise its discretion to grant relief.").

In sum, petitioner is lawfully detained pending execution of his final administrative order of deportation.  At petitioner's own request that deportation has been stayed pending the circuit court's disposition of <u>Bustillo v. Gonzalez</u>, No. 05-1277 (1st Cir. filed 2005), and respondent's discretionary determination to continue petitioner's custody pending First Circuit disposition of his case is not reviewable in habeas corpus proceedings.

Accordingly, this action should be dismissed for failure to state a claim of unlawful detention.

<center>**CONCLUSION**</center>

For all the reasons set out above, the petition should be dismissed and all other relief denied.

<div style="margin-left:40%">

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

</div>

By:  <u>s/Frank Crowley</u>
     FRANK CROWLEY
     Special Assistant U.S. Attorney
     Department of Homeland Security
     P.O. Box 8728
     J.F.K. Station
     Boston, MA 02114
     (617) 565-2415

<center>13</center>

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I caused true copy of the above document to be served upon pro se petitioner by mail on August 9, 2005.

<u>s/Frank Crowley</u>
FRANK CROWLEY
Special Assistant U.S. Attorney
Department of Homeland Security
P.O. Box 8728
J.F.K. Station
Boston, MA 02114

ATTACHMENT A



# General Docket
## US Court of Appeals for the First Circuit

```
Court of Appeals Docket #: 05-1277                      Filed: 3/2/05
Nsuit:   0  (Criminal or NOT SET)
Bustillo, et al v. Gonzales
Appeal from: U.S. Immigration & Naturalization Serv.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Lower court information:

     District: 0101-1 : A19-325-551        lead: A19-325-551
     Date Filed: **/**/**
     Date order/judgment: 2/22/05
     Date NOA filed: **/**/**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Fee status: paid                                          .

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Prior cases:
   None
Current cases:
   None
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Panel Assignment:

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
```

Docket as of July 28, 2005 8:35 pm        Page 1

---

05-1277   Bustillo, et al v. Gonzales

RODNEY ALFRED BUSTILLO       George E. Babock
     Petitioner             FTS 401-475-5987
                                401-475-5985
                                [COR LD NTC ret]
                                83 Power Rd.
                                Pawtucket, RI 02860


      v.


ALBERTO GONZALES            Margot L. Nadel
     Respondent             FTS 212-514-4260
                                202-616-2186
                                [COR LD NTC gvt]
                                Office of Immigration
                                Litigation
                                U.S. Dept. of Justice
                                P.O. Box 878
                                Ben Franklin Station
                                Washington, DC 20044

                                LaShawn White
                                FTS 202-616-4948
                                202-514-1346
                                [COR LD NTC gvt]
                                Office of Immigration Appeals
                                Civil Division
                                P.O. Box 878
                                Ben Franklin Station
                                Washington, DC 20044

                                Terri Jane Scadron
                                FTS 202-616-9777
                                202-514-3760
                                [COR LD NTC gvt]
                                U.S. Dept. of Justice
                                Civil Division
                                P.O. Box 878
                                Ben Franklin Station
                                Washington, DC 20044

                                    Neil Cashman
                                    FTS 617-565-4921
                                    617-565-3142
                                    [NTC ret]
                                    Immigration and Naturalization
                                    Service
                                    JFK Federal Building
                                    Government Center
                                    Room 425
                                    Boston, MA 02203


Docket as of July 28, 2005 8:35 pm                Page 2


_____


05-1277  Bustillo, et al v. Gonzales

RODNEY BUSTILLO

                    Petitioner


     v.

ALBERTO GONZALES, Attorney General

                    Respondent

Docket as of July 28, 2005 8:35 pm                    Page 3

_____

05-1277  Bustillo, et al v. Gonzales

3/2/05            AGENCY CASE docketed. Opening forms sent. Petition for
                  Review filed by Petitioner Rodney Alfred Bustillo.
                  Certificate of service date 3/2/05 . Fee Due 3/16/05.
                  Appearance form due 3/16/05. Certified List Due 4/11/05.
                  [05-1277] (frnk)

3/2/05            MOTION (contained within the petition for review) filed by
                  Petitioner Rodney Alfred Bustillo to stay deportation
                  order. Certificate of service dated 2/25/05. [05-1277] (frnk)

3/2/05            ORDER. Judge Juan R. Torruella. Pending closer review,
                  petitioner's motion for stay of removal is temporarily
                  allowed. The stay will expire ten days from the date of
                  this order unless extended by this court. (cmpa)

3/3/05            PUBLIC NOTE: Immigration judge order and various papers
                  filed with the immigration court. (cmpa)

3/4/05            ORDER. Judge Juan R. Torruella. Preliminary review raises
                  the possibility that jurisdiction is lacking in this case.
                  The BIA decision being challenged is arguably the type of
                  discretionary ruling that an appellate court no longer is

empowered to review. On the other hand, the fact that
petitioner's deportation proceedings were apparently
initiated prior to the advent of IIRIRA may call for a
different result. Another factor with possible
jurisdictional implications is whether petitioner remains
an aggravated felon in light of the recent sentence
reductions to which he adverts. Within ten days of the date
of this order, petitioner is directed to file a memorandum
that not only addresses the jurisdictional issue but also
sets forth his reasons why the BIA decision was allegedly
in error and why a continued stay of deportation is
warranted. Respondent is directed to file a response within
ten days thereafter. In the meantime, the temporary stay of
removal issued on March 2, 2005 shall remain in effect
pending further order of this court. (cmpa)

3/10/05          APPEARANCE filed by LaShawn White for Respondent Alberto
                 Gonzales. (cmpa)

3/16/05          MOTION filed by Petitioner Rodney Alfred Bustillo. "Motion
                 for Leave to File, Instanter, the Petitioner's Brief and
                 Appendix," which was ordered on March 4, 2005. Certificate
                 of service dated 3/15/05. (cmpa)

3/16/05          APPEARANCE filed by George E. Babock for Petitioner Rodney
                 Alfred Bustillo. (cmpa)

3/16/05          ELECTRONIC DOCUMENT. Petitioner's memo on disk. (cmpa)

3/16/05          PLEADING TENDERED: Supplemental brief/memo and its disk
                 filed by George E. Babock for Rodney Alfred Bustillo.
                 Certificate of date 3/15/05. (cmpa)

Docket as of July 28, 2005 8:35 pm          Page 4

05-1277  Bustillo, et al v. Gonzales

3/16/05          FILING FEE PAID by Petitioner Rodney Alfred Bustillo.
                 Receipt No. 012907. Amount: $250. (cmpa)

3/25/05          ATTORNEY Margot L. Nadel for Respondent Alberto Gonzales
                 added to case. [05-1277] (cmpa)

3/25/05          APPEARANCE filed by Margot L. Nadel for Respondent Alberto
                 Gonzales. (cmpa)

3/25/05          ATTORNEY Terri Jane Scadron for Respondent Alberto Gonzales
                 added to case. [05-1277] (cmpa)

| | |
|---|---|
| 3/25/05 | APPEARANCE filed by Terri Jane Scadron for Respondent Alberto Gonzales. (cmpa) |
| 3/25/05 | RESPONSE MEMO (ordered March 4, 2005) filed by Respondent Alberto Gonzales. Certificate of service date 3/24/05. (cmpa) |
| 3/29/05 | CERTIFIED LIST filed. [05-1277] (cmpa) |
| 3/29/05 | ORDER. Petitioner's motion to file memo ordered March 4, 2005, instanter, is allowed. (cmpa) |
| 3/29/05 | MEMO (ordered March 4, 2005) filed by Petitioner Rodney Alfred Bustillo. Certificate of service date 3/14/05. (cmpa) |
| 5/11/05 | MOTION filed by Petitioner Rodney Alfred Bustillo for release pending appeal Certificate of service dated 5/12/05 [05-1277] (dani) |
| 5/20/05 | MOTION filed by Petitioner Rodney Alfred Bustillo. "Petitioner's Attachment of Exhibit in Support of Motion to Compel Release of Petitioner Pending Appeal" Certificate of service dated 5/20/05. (cmpa) |
| 6/30/05 | PUBLIC NOTE: Received letter from RI Public Defender's Office enclosing a copy of a pro se notice of appeal petitioner filed in the RI Supreme Court. [05-1277] (susn) |
| 7/25/05 | LETTER CONSTRUED AS MOTION filed by Petitioner Rodney Alfred Bustillo. Note from Rodney Bustillo stating that he is able to pay the fee. Attached is a letter from the U.S. Department of Homeland Security. (cmpa) |
| 7/25/05 | "Motion to Enter Supplementary Brief and Ask for Bond" construed as supplemental memorandum in support of motion to release on bond. No Certificate of service. (cmpa) |
| 7/28/05 | Order entered. The request to waive filing fee is moot as the filing fee was paid. (debb) |

Docket as of July 28, 2005 8:35 pm          Page 5

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 08/09/2005 07:43:46 | | |
| PACER Login: | us5172 | Client Code: | |
| Description: | dkt report | Case Number: | 05-1277 |
| Billable Pages: | 5 | Cost: | 0.40 |

ATTACHMENT B



**U.S. Department of Homeland Security**
Immigration & Customs Enforcement
Detention & Removal Operations
New England Field Division

JFK Federal Building
Government Center
Boston, MA 02203

BUSTILLO, Rodney A19325551
C/O SUFFOLK COUNTY HofC

Decision to Continue Detention

This letter is to inform you that your custody status has been reviewed and it has been determined that you will not be released from the custody of the Immigration and Customs Enforcement (ICE) at this time. This decision has been made based on a review of your file and/or your personal interview and consideration of any information you submitted to the reviewing officials.

You are a native and citizen of Honduras who entered the United States on January 24, 1996 without inspection. On October 135, 2004 you were ordered removed from the United States by an Immigration Judge. On March 02,2005 the 1st Circuit Court of Appeals issued a Stay in your case preventing your removal.

Subsequent to receipt of you final order of removal ICE has been making attempts to repatriate you by requesting the Government of Honduras to approve your case for final removal. The Government of Honduras has approved your case for removal and you had been scheduled for removal but it has been canceled due to the pending litigation/Stay that has been filed in your case.

Based on the above, you are to remain in ICE custody pending your removal from the United States. You are advised that you must demonstrate that you are making reasonable efforts to comply with the order of removal, and that you are cooperating with the ICE's efforts to remove you by taking whatever actions the ICE requests to effect your removal. You are also advised that any willful failure or refusal on your part to make timely application in good faith for travel or other documents necessary for your departure, or any conspiracy or actions to prevent your removal or obstruct the issuance of a travel document, may subject you to criminal prosecution under 8 USC Section 1253(a).

A review of your case indicates that you are under a court ordered stay of removal. The stay prevents the Department of Homeland Security from enforcing your removal order. Under 8 Code of Federal Regulations section 241.4, the Service must conduct a custody review before the end of the removal period. However, for an alien whose removal order is under judicial review (including habeas corpus) and where the alien has been granted a judicial stay of removal, a new removal period will begin upon entry of an order from the Federal Court pursuant to 8 USC 1231(a)(1)(B)(ii), INA 241(a)(1)(B)(ii). This letter is to inform you that your case has been reviewed and it has been determined as a matter of discretion that you will not be released from the custody of the Immigration and Customs Enforcement (ICE) at this time.

Your case will be reviewed on a monthly basis to determine if your stay has been lifted or if some form of relief has been granted.  Once your stay is lifted you will be provided with a 30-day notice prior to any custody review.  At that time, you may submit information in writing in support of your case.

Bruce E. Chadbourne
Field Office Director

05-05-05
Date

**ATTACHMENT C**

U.S. Department of Justice

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5201 Leesburg Pike, Suite 1300*
*Falls Church, Virginia 22041*

BUSTILLO, RODNEY ALFRED*
WYATT DET. CTR., 950 HIGH ST.
CENTRAL FALLS, RI 02863-0000

**Office of the District Counsel/BO**
**P.O. Box 8728**
**Boston, MA 02114**

Name: BUSTILLO, RODNEY ALFRED*                    A19-325-551

<u>Date of this notice</u>: 10/13/2004

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Sincerely,

Frank Krider
Acting Chief Clerk

Enclosure

Panel Members:
    COLE, PATRICIA A.
    FILPPU, LAURI S.
    HESS, FRED

**U.S. Department of Justice**                           Decision of the Board of Immigration Appeals
Executive Office for Immigration Review

Falls Church, Virginia 22041

File:   A19 325 551 - Boston                    Date:

In re:  RODNEY ALFRED <u>BUSTILLO</u>                      OCT 1 3 2004

IN DEPORTATION PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT:    Pro se

ON BEHALF OF DHS:           Patricia J. Flanagan
                            Assistant Chief Counsel

CHARGE:

    Notice:  Sec.   241(a)(2)(A)(iii), I&N Act [8 U.S.C. § 1251(a)(2)(A)(iii)] -
                    Convicted of aggravated felony

             Sec.   241(a)(2)(B)(i), I&N Act [8 U.S.C. § 1251(a)(2)(B)(i)] -
                    Convicted of a controlled substance violation


    The Department of Homeland Security (the DHS, formerly the Immigration and Naturalization
Service), appeals from the Immigration Judge's May 27, 2004, decision granting the respondent's
application for a waiver of deportability under former section 212(c) of the Immigration and
Nationality Act, 8 U.S.C. § 1182(c).  The respondent cross appeals asserting that the Immigration
Judge's decision should be affirmed.[1]  The DHS's appeal will be sustained and the respondent's
appeal will be dismissed.

    It is undisputed that the respondent is removable as charged.  On appeal, although the DHS
challenges the Immigration Judge's decision finding the respondent statutorily eligible for 212(c)
relief, we decline to address eligibility.  We disagree with the Immigration Judge's conclusion that
the respondent's equities outweigh his adverse factors.  Thus, even if the respondent is statutorily
eligible for 212(c) relief, we find that the respondent does not merit such relief in the exercise of
discretion.  *See* 8 C.F.R. § 1003.1(d)(3)(ii) (2004) (stating that the Board reviews matters of
discretion de novo).

---

[1] The respondent's request for oral argument is denied.  *See* 8 C.F.R. § 1003.1(e) (2004).  The
respondent's appellate fee waiver request is granted.  *See* 8 C.F.R. § 1003.8(c).

A19 325 551

The principal adverse factor militating against a grant of discretionary relief to the respondent is his lengthy criminal record, particularly his 1995 conviction for delivery of a controlled substance, cocaine, and his repeated acts of and convictions for domestic violence. Between 1992 and 1999, the respondent was convicted on four separate occasions of assaulting his long-time female companion. The respondent's 1996 assault conviction stemmed from an incident in which the respondent grabbed his girlfriend by the throat and struck her in the head while she was holding her 3-year-old son (Exh. 2R x 33). Similarly, the 1999 assault conviction arose from an incident in which the respondent struck his girlfriend in the head while she was holding her 3-month-old baby. The assault caused the respondent's girlfriend to drop the baby out of her arms. During that incident, the respondent also pushed two other small children aside to continue his assault on his girlfriend (Exh. 2R x 34). The respondent's other convictions include a 2002 conviction for vandalism and a 2000 conviction for driving while intoxicated. The respondent also has numerous convictions for driving on a suspended license (Exhs. 2R x 6, 8, 9, 10, 11, 12).

The respondent's positive equities are by no means insubstantial. Indeed, as the Immigration Judge noted, the respondent's equities cumulatively rise to the level of unusual or outstanding. The respondent, a native and citizen of Honduras, has been present in the United States as a lawful permanent resident for approximately 35 years. The respondent has owned his own business for approximately 6 years and employs others. He has five United States citizen children, four biological and one step child, ranging in ages from 5 to 18 - 2 of which are with his long-time United States citizen female companion, now fiance. The respondent also has numerous family members residing in the United States including his mother, father, two brothers and one sister, and grandmother, all of whom are United States citizens. In addition, the respondent served in the United States military from 1982 to 1985. However, as the Immigration Judge noted, the weight of this factor is lessened due to the respondent's admitted drug use during that period (I.J. at 10; Tr. at 197).

The respondent's removal to Honduras would undoubtedly result in some degree of hardship to the respondent and his family. While we have no wish to minimize the significance of the respondent's positive equities, we do not agree with the Immigration Judge that they are sufficiently weighty as to overcome his criminal record. Not only is the respondent's 1995 conviction for delivery of a controlled substance, cocaine, an aggravated felony, but it is also considered a very serious offense. *See* section 101(a)(43)(B) of the Immigration and Naturalization Act, 8 U.S.C. § 1101(a)(43)(B); *Matter of Y-L-, A-G-, R-S-R-,* 23 I&N Dec. 270 (A.G. 2002). In addition, the respondent has displayed repeated violent behavior against his fiancé, the mother of two of his children. He violently assaulted her not once, but on four separate occasions, and on at least two of those occasions, he committed such violence without regard to the welfare of the children who were present. Notably, the respondent's violent and criminal behavior continued even after he was placed in deportation proceedings. The respondent's repeated criminal and violent behavior reflects a continued disregard for both the laws and the safety of others in this country that cannot be ignored.

Balancing the various factors in the respondent's case, we take note of his favorable equities, which as noted above, are unusual or outstanding. However, when we weigh those equities against

2

A19 325 551

the adverse factors of his very serious criminal convictions, we determine that a favorable exercise of discretion would not be in the best interest of the United States. *See generally Matter of Edwards*, 20 I&N Dec. 191, 195-96 (BIA 1990) (recognizing that there are cases in which the adverse considerations are so serious that a favorable exercise of discretion is not warranted even in the face of unusual or outstanding equities). Accordingly, we will enter the following orders.

ORDER: The DHS appeal is sustained.

FURTHER ORDER: The Immigration Judge's May 27, 2004, decision granting the respondent's application for a waiver of deportability under former section 212(c) is vacated.

FURTHER ORDER: The respondent is ordered removed to Honduras.

FOR THE BOARD