UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RODNEY A BUSTILLO Sr.<br>    Petitioner<br>V.<br>Bruce Chadbourne, field<br>office Director, Immigration<br>& Customs Enforcement<br>Department of Homeland Security<br>    Respondent<br>Thomas M. Hodgson; Sheriff<br>Bristol County Jail and house of<br>Correction( N. Dartmouth Mass) | ) Civil Action No.<br>) 05cv11414-JLT<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Petitioner's Response to<br>) Motion to Dismiss<br>) |

Reply to Government's Return/ Response/ Motion to Dismiss
Petition for a Writ of Habeas Corpus

INTRODUCTION

Petitioner is challenging the lawfulness of his detention by the Department of Homeland Security (ICE) within the Boston (ICE) district. The Petitioner received a final order of removal on Oct 13, 2004 after the (BIA) reversed the (IJ) discretionary relief 212(c) waiver.

His Ninety-day Statutory Removal Period under the Relevant Statute, 8 U.S.C.& 1231 (a) (6), Expired January 13 2005 After after being ordered removed, (DHS) argues that Petitioner should stay detained pending Execution of his Determination of his petition for review in the First Circuit Court of Appeals, base on new evidence that was shown to (BIA),(DHS) also argues that Petitioner is asking this court United States District Court in his Habeas Corpus that Petitioner is fighting his DEPORTATION Proceedings or (BIA)'s decision, This is not true at all the (DHS) error, (DHS) also argues that the decision of the first Circuit in that case will render his instant Habeas moot because either a new removal period will commence mandating Petitioner's detention if the COURT DECISION UPHOLDS THE DEPORTATION ORDER BY THE (BIA) it seems to Petitioner that the (DHS) thinks Bustillo will not win his case but everything is on his side.

Petitioner has been detained since March 30, 2004 even after the (IJ) ordered Petitioner release on Personal before (DHS) or (BIA) ruled. Petitioners situation is diffrent from other people who have been deported to Honduras for these reasons.

1- Bustillo served in the U.S.Army.

2- Bustillo has 36 years in this Country.

3- Bustillo has been Permanent resident for over 36 years.

4- Bustillo Convictions all but one are under one year sentence in (RI) and (DHS) makeing them not not Deportable.

5- Bustillo has five U.S, Citizen children and his wife the same.

6- Bustillo should not be under Mandatory Detention because of each crime was before 1998 Mandatory law and before the 1996 (IIRIRA) law.

Bustillo was out on personal and never once miss a court

(1)

subject him to mandatory Detention (DHS) has errored stating that Petitioner in "Habeas" is fighting the (IJ) decision of granting him the 212(c) that was reverse by the (BIA), this maybe true Petitioner is fighting that decision but is doing so in the (First Cir Court) it is also true that Petitioner has had other crimes which each one of them were heard by (IJ) and in RI there Misdemeanor and all under one year probation none which should of resolted into Mandatory Detention by (DHS) law 236 (a) Petitioner has never Engaged in terrorist activitys and the Attorney General has not Certified him as a suspect.

Petitioner Bustillo is in no way trying to forestall his deportation but is trying to get his justice that was taken from him and should still be due to him, because of (DHS) and (BIA)'s abuse of power. See Matter of Patel, 15 I&N. Dec.666 (BIA 1976) If you are not a Terrorist or have not commited any feloney crime after 1996 you are not subject to INA & 236 (c) (1) or INA & 236A you should be entitled to release on bond unless Convicted of cer tain crimes as terrorist or is an Arriving Alien.

Petitioner is respectfully asking this Court to let the case stay in this court because it is "JUST" for Petitioner to be heard we are not talking about Deportation just about the chance for a man to be free entill the courts make the final Decision and at this time (DHS) nor do I know when that may happen.

Also to let the court know that Petitioners 1995 Drug Conviction is on Appeal by the State Courts in RI do to Error in the case.

Petitioner has and still should be Entitle to bond and has always been but do to the abouse of (DHS) and (BIA)s Discretion this has not happen in fearness to Petitioner, it states in the in the law for any court to give a discretionery decision for the bond the Courts or the (BIA) must at least before making Decision must consider these things.

1- Your ties to the Community

2- Length of Residence in the U.S.A

3- Family Members in the U.S.A and Immigration status.

4- Employment history and job offer in writing

5- History of Appearance in other court cases

6- Criminal record and Rehabilitation.

7- Any U.S.A Military background.

8- Likelihood of winning your Immigration case

9- Business ties in the U.S.A.

Petitioner has all the above in his faver how much more do they need for him to prove himslef, (DHS) and (BIA) abuse there power and continue to do so.

## STATEMENT OF FACTS

Petitioner is a Native and was Citizen of Honduras who came to the United STATES with his mother, sister, & brather all permanent Residence back in June 13, 1970, Petitioner was only at the time five years old. On February 15, 1995, Petitioner was convicted in Superior Court, for the offense of delivery of a controlle substance which "Bustillo" plead out to, with out knowing the con sequences of Deportation that is wy this case is on appeal in the State Courts at this time. Deportation proceedings started agains "Bustillo at that time Petitioner was let out on "Personal" not

(2)

Bond by the (IJ) and (INS) this case has been going on for the past ten years went in front of the (IJ) December 1, 2003 and at that time the (IJ) told Petitioner to return for final hearing due on December 1, 2004 again (IJ) let Bustillo out on Personal,

Petitioner in the ten years has never miss a court date with the (INS) or any other Court, on March 30, 2004 Petitioner was taken into custordy by the (DHS) with no order from (IJ) and did not violate any law that could resolute in his Detention on April 10, 2004 Bustillo was to get Married to his long life Commen law wife of 15 years in April 2004 the (IJ) noted that and release Petitioner on Personal at thattime (DHS) ask for more time to wy to stop the Marriage to a U.S. Citisen because it would of been to Petitioners fever. The (IJ) gave (DHS) 10 days to find reason wy she should hold him in detention tis never happen so (IJ) release Bustillo again and (DHS) appealed his release (BIA)s reason for not allowing Bustill's release because of Petitioners papers were turned in two days late this not true.

Then on May 27, 2004 (IJ) heard petitioner's Application for Discretionery relief under section 212 (c) and granted Petitioner discretionary relief base on the fact that Bustillo only had one drug charge and was his only one and looks like he was Rehabilitated bye going to NA/AA class while on the streets and also in detention and Bustillo had also taken Domestic classes not by order of the courts but on is owen willingness to chage his life for himself and his family. Also the fact that Bustillo Petitioner has good family ties in the United STAtes 5 U.S citizen children, and a u.s. Citisen wife, mother, father, Grandmother, sister, and Brothers Aunts, and uncles all in this country and all U.S. Citisens. Also the fact that Petitioner started school and finish school from the First grade till the 12 grade then enterd the U.S Army with Jonorable Discharge, this Country is all Bustillo knows

The (IJ) also took into Consideration that Bustillo had change his life, by opening up his Own Business Bustillo Concrete Co with 16 Employees providing jobs in the Community and his Voluntary work with children as a caoch in Football, Baseball, Basketball also in his community, mentor for high schoolkids with a on the ob training program with his company, he has done all this in the last 10 years.

The (DHS) did appeal the decision of the (IJ) and on October 13, 2004 the BIA reversed the (IJ) decision because of Bustillo's Lawyer at that time never sent in a rebutal on Petitioners behalf showing New Evidence in his case of the 1996 case reduce and the same for the 1999 and each were reduce before (BIA)'s decision.

Petitioner sent copys of this to the (BIA) and tryed to get them to reopen his case base on new evidence but was to late so at this time the First Cir Court is looking at those facts.

STATEMENET OF LAW APPLICABLE TO PETITIONER'S CUSTODY STATUS

On June 28, 2001, the Supreme Court held in Zadvydas V. Davis that Immigration and Nationality Act (INA) & 241(a), authorizes the then-INS to detain an individul with a final order of removal only for a period reasonably necessary to carry out that person's removal from the United states. Zadvydas, 121 S.Ct. at 2504. In particular, ICE may detain an alien while it carries out his removal for aninety-day period after the removal order becouses final. INA & 241(a). The Supreme Court further held in Zadvydas that six months is a presumptively reasonable period of time to effect removal. See also 8 C.F.R. & 1241.13(b)(2)(ii).] Under Zadvydas, "once removal is no longer reasonable foreseeable,

(3)

continued detention is no longer authorized by stute." 121 S.Ct. at 2503. In such cases, " the alien's release may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances...." Id. at 2504.

See <u>Zadvydas v. Davis</u>, 533 U.S.678, 150L Ed.2d 653, 121 S.Ct ,2491 (2001) Petitioner is being Detained as Interpreted by the Supreme Court does not permit the (INS) to hold Petitioner in custody Indefinitely respondent has held Petitioner longer then the law allows.

THIS COURT HAS JURISDICTION OVER THE PETITIONER'S CLAIM, AND VENUE IS PROPER IN THIS COURT.

This court has the authority under 28 U.S.C. & 2241 to grant a writ of habeas corpus within its jurisdiction. This Court has jurisdiction over the Petitioner's claim because petitioner is filing in the district of Ma. and is thus subject to this Court's personal jurisdiction. A writ of habeas corpus may be issued by a district court if it has personal jurisdiction over the petitioner or his custodian. <u>See, e.g., Braden v. 30th Judicial Circ Court of Kentucky</u>, 410 U.S. 484,495 (1973).

See <u>Edwards v. City of Goldsboro</u>, 178 F.3d231,244 (4th cir. 1999). The Complaint should not be dismissed unless it is certain that the Petitioner is not entitled to relief under any legal theory that might plausibly be suggested by the facts alleged.

See <u>Mylan Labs, INC. V. Matkari</u>,7f.3d 1130,1134 (4th cir, 1993) The Fouth Circuit has stated that under the liberal rules of Federal Pleading, a Complaint should Survive a Motion to Dismiss if it sets out facts sufficient for the court to infer that all the required elements of the cause of action are present.

See <u>Najjar V. Reno</u> 97. F. Supp.2d 1329 May 31,2000 Order granting in part and denying in part Petition for writ of Habeas Corpus, Denying Motion to Dismiss, Denying Motion to strike and closing this case.

Venue is proper before this Court because Bustillo is currently detained at Bristol County Sheriff office. Venue in the DISTrict of N. Dartmouth Mass is also proper because Petitioner is in the custody of Respondent Brue Chadbourne, Interim Field Office DIRector of this District, which encompasses the state of MA were I Bustillo am being detained. 28 U.S.C.& 1391. In addition, under the administrative procedures through which Petitioner's custody status was previously evaluated by the ICE, final responsibility for the custody decision rests with the field Office Director. See 8 C.F.R.& 1241.4(h)(1)(procedure for initial custody review).

Finally, Petitioner remains subject to transfer to another facility or another judicial district at the Field Office Director's disretion. Which they have done three times already.

1) This court has the Authority under 28 U.S.C. & 2241 to grant a Writ of Habeas Corpus.

2) Petitioner's Continued Detention is Unlawful, Petitioner has been unlawfully detained by the respondents since March 30, 2004 and has wrote to every Department to the (DHS) & (BIA) and to (DHS) HQPDU even to the President of the United States there is no other places for Petitioner to go Sir.

3) Because ICE cannot execute the Petitioner's removal order within the reasonably foreseeable futures, there is no statutory authority for Ice to detain him. While the relevant statute, 8 U.

(4)

8 U.S.C. & 1231 (a), authorizes the Attorney General to detain aliens for the ninety-day removal period, " once removal is no longer authorized by statute." Zadvydas, S.Ct. at 2503.

In its decision in Zadvydas, the Supreme Court sets forth the standard for the habes court to apply in reviewing the lawfulness of detention under 8 U.S.C. & 1231 (a)(6):

[The court] must ask whether the detention in question exceeds a period reasonably necessary to secure removal. It should measure reasonableness primarily in terms of the statute's basic purpose, namely assuring the alien's presence at the moment of removal. Thus if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statue. Zadvydas, 121 S.Ct. at 2504.

See Esogbue v. Ashcroft 357 F.3d 354 (5th cir 2004) Petitioner was realeased on Bond while case pending in other courts.

## ARGUMENT

Petitioner Bustillo should not be affected by Fed.R. Civ.,P. Rules 12(b) (1) and(6) and 8 U.S.C. & 1227 (a) either he didn't come to this Country Illegal and didn't try to get an Political Asylum and is not a Refugee. The DHS was using the case of See Carlson V. Landon Supreme Court of the United States 342 U.S.524 ;72 S.Ct.525: 96 L.Ed.547; 1952 U.S. Lexis 2344 No.136. In a Habeas Corpus proceeding, the court sustained Detention of respondent without bail pending Determination of deportability, But then it go's farther to say that the Court of Appeals reversed, that decision. 187 F.2d 802. This Court granted Certiorani, 342 U.S.810. Judgment vacated and cause remanded.

Petitioner Bustillo is not part of a communist part of the United States, not only is (DHS) wrong on not given Bond to petitioner but also facts in this case detention without bond was in violation of the Due Prcess clause of the fifth Amendment and the Eighth Amendment to the Constitution of the United States, and that & 20 of the Immigration Act, as Amended, was also Unconstitutional.

See Edwards v. City of Goldsboro, 178 F.3d 231,244 (4th cir. 1999). The Complaint should not be dismissed unless it is certain that the plaintiff is not entitled to relief under any legaltheor that might plausibly be suggested by the facts alleged.

See Mylan Labs. Inc. v. Matkari, 7 F.3d 1130, 1134 (4th cir, 1993) the fourth circuit has stated that under the liberal rules of Federal pleading, a complaint should survive a motion to Dismiss If it sets out facts sufficient for the court to infer that all the required Elements of the cause of Action are present.

See Doherty v. Thornburgh 750 F. supp. 131 He contends that the due process clause of the Fifth Amendment of the Constitution prohibits his prolonged detention and mandates release onbond.

See United States v. Aitken, 898 F.2d 104, 107 (9th Cir 1990 The Government made no attempt to argue that smyth posed a threat to the Community.

See United States v. Motamed, 767 F.2d 1403 were it talks about flight risk & dangerousness determination and the Majority Interpretation of the Statute.

See United States v. Smith 795 F. Supp. 973 July 24, 1992 th the courts reversed the magistrate Judge's order denying Smyth's Request to be released pending trial, the Court held that he was

Entitled to bail reform act of 1984, 18 U.S.C.& 3142(c) under this act the Goverment bears the burden of persuasion to show evidence that he may be a flight risk or clear and convincing Evidence, that he is a danger to the Community.

See Matter of Adeniji, 22 I&N. Dec 1102 (BIA 1999) Bondihearing Separate from any Deportation or removal proceedings Judge may base his Consideration base on that was and has been presented to him by Alien or (DHS). See 8.F.R.& 1003. 19 (d).

See Carlisle V. Landon 73 S. Ct. 1179 (1953) Employment: mambership in Community Organizations, Manner of entry and length of time in the United States.

See Matter of San Martin, 15 I.&N. Dec, 167 (BIA 1974) Respondent showing that he is not a Danger nor flight risk.

## CLOSING STATMENT

I have been in this Country all my life and truly believe in the system and the truth will come out there has to be a end to this we can not just make up rules as we go that is not the way of this countrys Justice system. The people can not do it why should (DHS) be able to. I'm not a killer I have made some mistakes in my life and have paid in more was then one sir not just myself but my family. Sir I have five children that need me bad for support in life and in every way it's to the point were my wife and children have no gas in the house to cook or to take showers sir this is no lie no storey that I just made up it's the truth.

Sir you tell me how taking a man from his family helping this Country. Thank god it's hot out because I don't know what will happen in the winter. Sir I know this is not about personal Issue but it's becoming that when my children are suffering because of this wrong in Justice I didn't have anything to do with September 11 and the twin Towers I was at work that day on a Navey Base that day in NewPort With Bustillo Concrete Co.

I am very tired I don't know were and what else to do I have no more money and my family the same, so I leave it all on the hands of JUSTICE.

GOD BLESS you Sir and thank you for Your time and I hope that Right comes out on top Amen.

## CONCLUSION

This action should not be dismissed from this court base on all facts that Bustillo is not asking for nothing more or less just a chance to be heard and the chance to be with his family till the Courts make there Decision.

Untell that time Bustillo ask this Court to Release him on some kind of relief it's well over DUE over 15 Months.

For all of the above a Respectfully ask this Court to except all the facts, documents and arguments presented to the Court on Mybehalf.

Respectfully Submitted  
Rodney A Bustillo Sr  
Pro-Se  
Bristol County Sheriff Office  
400 Faunce Corner RD  
N. DartMouth Ma 02747

                Respectfully submitted.

By: <u>Rodney A Bustillo Sr</u>
    Rodney A Bustillo Sr.
    Hard working Man in the U.S.A
       Pro-Se
    Bristol County Sheriff Office
    400 Faunce Corner RD
    N. Dartmouth MA 02747

## CERTIFICATE OF SERVICE

I hereby Certify that I caused a true copy of the above document to be served upon Special Assistant U.S. Attorney by Mail on this day of August 16, 2005.

Rodney a Bustillo Sr

Pro-Se
Bristol County Sheriff Office
400 Faunce Corner Rd
N. Dartmouth MA 02747

(7)



**U.S. Department of Homeland Security**
Immigration & Customs Enforcement
Detention & Removal Operations
New England Field Division

JFK Federal Building
Government Center
Boston, MA 02203

BUSTILLO, Rodney A19325551
C/O SUFFOLK COUNTY HofC

Decision to Continue Detention

This letter is to inform you that your custody status has been reviewed and it has been determined that you will not be released from the custody of the Immigration and Customs Enforcement (ICE) at this time. This decision has been made based on a review of your file and/or your personal interview and consideration of any information you submitted to the reviewing officials.

You are a native and citizen of Honduras who entered the United States on January 24, 1996 without inspection. On October 135, 2004 you were ordered removed from the United States by an Immigration Judge. On March 02, 2005 the 1st Circuit Court of Appeals issued a Stay in your case preventing your removal.

Subsequent to receipt of you final order of removal ICE has been making attempts to repatriate you by requesting the Government of Honduras to approve your case for final removal. The Government of Honduras has approved your case for removal and you had been scheduled for removal but it has been canceled due to the pending litigation/Stay that has been filed in your case.

Based on the above, you are to remain in ICE custody pending your removal from the United States. You are advised that you must demonstrate that you are making reasonable efforts to comply with the order of removal, and that you are cooperating with the ICE's efforts to remove you by taking whatever actions the ICE requests to effect your removal. You are also advised that any willful failure or refusal on your part to make timely application in good faith for travel or other documents necessary for your departure, or any conspiracy or actions to prevent your removal or obstruct the issuance of a travel document, may subject you to criminal prosecution under 8 USC Section 1253(a).

A review of your case indicates that you are under a court ordered stay of removal. The stay prevents the Department of Homeland Security from enforcing your removal order. Under 8 Code of Federal Regulations section 241.4, the Service must conduct a custody review before the end of the removal period. However, for an alien whose removal order is under judicial review (including habeas corpus) and where the alien has been granted a judicial stay of removal, a new removal period will begin upon entry of an order from the Federal Court pursuant to 8 USC 1231(a)(1)(B)(ii), INA 241(a)(1)(B)(ii). This letter is to inform you that your case has been reviewed and it has been determined as a matter of discretion that you will not be released from the custody of the Immigration and Customs Enforcement (ICE) at this time.

   Your case will be reviewed on a monthly basis to determine if your stay has been lifted or if some form of relief has been granted. Once your stay is lifted you will be provided with a 30-day notice prior to any custody review. At that time, you may submit information in writing in support of your case.

_____        05-05-05
Bruce E. Chadbourne               Date
Field Office Director



U.S. Department of Justice

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5201 Leesburg Pike, Suite 1300*
*Falls Church, Virginia 22041*



Det

| | |
|---|---|
| **BUSTILLO, RODNEY ALFRED*** | **Office of the District Counsel/BO** |
| **WYATT DET. CTR., 950 HIGH ST.** | **P.O. Box 8728** |
| **CENTRAL FALLS, RI 02863-0000** | **Boston, MA 02114** |

**Name: BUSTILLO, RODNEY ALFRED***           A19-325-551

Date of this notice: 10/13/2004

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Sincerely,

*F.F. K—*

Frank Krider
Acting Chief Clerk

Enclosure

Panel Members:
  COLE, PATRICIA A.
  FILPPU, LAURI S.
  HESS, FRED

**U.S. Department of Justice**
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

---

File:   A19 325 551 - Boston

Date:

OCT 1 3 2004

In re:   RODNEY ALFRED BUSTILLO

IN DEPORTATION PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT:   Pro se

ON BEHALF OF DHS:   Patricia J. Flanagan
Assistant Chief Counsel

CHARGE:

    Notice:   Sec.   241(a)(2)(A)(iii), I&N Act [8 U.S.C. § 1251(a)(2)(A)(iii)] -
                      Convicted of aggravated felony   *[handwritten: Reduce Less Than one year]*

             Sec.   241(a)(2)(B)(i), I&N Act [8 U.S.C. § 1251(a)(2)(B)(i)] -
                      Convicted of a controlled substance violation
                      *[handwritten: on appeal In state courts]*

    The Department of Homeland Security (the DHS, formerly the Immigration and Naturalization Service), appeals from the Immigration Judge's May 27, 2004, decision granting the respondent's application for a waiver of deportability under former section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c). The respondent cross appeals asserting that the Immigration Judge's decision should be affirmed.[1] The DHS's appeal will be sustained and the respondent's appeal will be dismissed.

    It is undisputed that the respondent is removable as charged. On appeal, although the DHS challenges the Immigration Judge's decision finding the respondent statutorily eligible for 212(c) relief, we decline to address eligibility. We disagree with the Immigration Judge's conclusion that the respondent's equities outweigh his adverse factors. Thus, even if the respondent is statutorily eligible for 212(c) relief, we find that the respondent does not merit such relief in the exercise of discretion. *See* 8 C.F.R. § 1003.1(d)(3)(ii) (2004) (stating that the Board reviews matters of discretion de novo).

---

[1] The respondent's request for oral argument is denied. *See* 8 C.F.R. § 1003.1(e) (2004). The respondent's appellate fee waiver request is granted. *See* 8 C.F.R. § 1003.8(c).



DEPARTMENT OF VETERANS AFFAIRS
Regional Office
380 Westminster Street
Providence RI 02903

December 11, 2002

In Reply Refer To: 304/2127

RODNEY A. BUSTILLO
57 SUMTER STREET
PROVIDENCE RI   02907

Dear Mr. Bustillo:

The records of the Department of Veterans Affairs (VA) show that you served in the Armed Forces of the United States as follows:

| | |
|---|---|
| ENTERED ON ACTIVE DUTY: | 09-14-1982 |
| RELEASED FROM ACTIVE DUTY: | 12-21-1985 |
| BRANCH OF SERVICE: | ARMY |
| CHARACTER OF DISCHARGE (As Certified to VA by military branch of service or shown on official military documents): | UNDER HONORABLE CONDITIONS |
| SERVICE SERIAL NO: | ----------- |
| RANK: | E-4 |
| DATE OF BIRTH: | 03-23-1964 |

Sincerely yours,

B. G. DONNELLY
Veterans Service Center Manager

2127/345  BGD:jc

