UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RODNEY ALFRED BUSTILLO SR., ) <br> ) <br> Petitioner ) <br> ) <br> v. ) <br> ) <br> BRUCE CHADBOURNE, FIELD ) <br> OFFICE DIRECTOR, IMMIGRATION ) <br> & CUSTOMS ENFORCEMENT, ) <br> DEPARTMENT OF HOMELAND SECURITY ) <br> ) <br> Respondent[1] ) | Civil Action No. <br> 05cv11414-JLT |

REPORT TO COURT AND SUPPLEMENTAL
MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

  Respondent reports to this Court that the First Circuit Court of Appeals has now denied petitioner's Petition for Review in Bustillo v. Gonzales, No. 05-1277 (1st Cir. Sept. 20, 2005). See Attachment A.

  In connection with the First Circuit's denial, that court also ordered that its previous stay of deported "is rescinded", and that petitioner's motion for release on bond "is moot". Id. In view of the First Circuit's stay rescission, petitioner will now be scheduled for removal from the United States.

---

[1] The responsive official of the Department of Homeland Security responsible for enforcement of petitioner's removal order in the instant action is Bruce Chadbourne, Field Office Director for Detention and Removal, Department of Homeland Security, Bureau of Immigration and Customs Enforcement ("ICE") in Boston, Massachusetts. See 28 U.S.C. § 517 (providing for the appearance of the Department of Justice "to attend to the interests of the United States in a suit pending in a court of the United States").

Accordingly, because all issues have now been resolved by the First Circuit, and because petitioner has failed to establish that there is no substantial likelihood that he will be removed to Honduras in the reasonably foreseeable future, this case should be dismissed.

## CONCLUSION

For all the reasons set out above and in the previous filings by respondent, the petition should be dismissed and all other relief denied.

        Respectfully submitted,

        MICHAEL J. SULLIVAN
        United States Attorney

By:  s/Frank Crowley
     FRANK CROWLEY
     Special Assistant U.S. Attorney
     Department of Homeland Security
     P.O. Box 8728
     J.F.K. Station
     Boston, MA 02114
     (617) 565-2415

## CERTIFICATE OF SERVICE

I hereby certify that I caused true copy of the above document to be served upon pro se petitioner by mail on October 11, 2005.

        s/Frank Crowley
        FRANK CROWLEY
        Special Assistant U.S. Attorney
        Department of Homeland Security
        P.O. Box 8728
        J.F.K. Station
        Boston, MA 02114

**ATTACHMENT A**

# United States Court of Appeals
## For the First Circuit

---

No. 05-1277

RODNEY BUSTILLO,

Petitioner,

v.

ALBERTO GONZALES, ATTORNEY GENERAL,

Respondent.

---

Before

Boudin, *Chief Judge*,
Stahl, *Senior Circuit Judge*,
and Lynch, *Circuit Judge*.

---

**JUDGMENT**

Entered: September 20, 2005

In the wake of <u>INS</u> v. <u>St. Cyr</u>, 533 U.S. 289 (2001), petitioner Bustillo's deportation proceedings were reopened to permit him to apply for relief under former 8 U.S.C. § 1182(c) (1995). An immigration judge (IJ) ruled in his favor, but in October 2004 the Board of Immigration Appeals (BIA), after striking a different balance of the relevant factors, reversed and ordered petitioner deported to Honduras. Rather than pursue an immediate appeal, petitioner asked the BIA to reconsider and/or reopen. He now seeks review of the BIA's February 2005 order denying that motion. Having reviewed petitioner's "brief" (which was submitted in response to a show-cause order but contains a discussion of the merits), along with the other filings, we find the case appropriate for summary disposition at this juncture. <u>See</u> 1st Cir. Loc. R. 27(c). The petition will be denied.

We lack jurisdiction to review the BIA's October 2004 order because of petitioner's failure to appeal therefrom. <u>See</u>, <u>e.g.</u>,

Asemota v. Gonzales, ___ F.3d ___, ___, 2005 WL 2037455, at *1 (1st Cir. 2005). Accordingly, the sole issue before us is the denial of the motion to reconsider and/or reopen. Our review of such a ruling is for abuse of discretion. See, e.g., Chan v. Gonzales, 413 F.3d 161, 164 (1st Cir. 2005) (reconsideration); Maindrond v. Ashcroft, 385 F.3d 98, 100 (1st Cir. 2004) (reopening). Moreover, because petitioner acknowledges being deportable as a result of his conviction for an aggravated felony (a drug offense), our jurisdiction is confined to a review of "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D) (2005), added by REAL ID Act § 106(a)(1)(A)(iii), Pub. L. No. 109-13, Div. B, 119 Stat. 231, 310 (2005). To the extent petitioner's arguments can be so characterized, they plainly lack merit, for reasons that can be briefly explained.

Petitioner starts off on the wrong foot by citing the wrong motion: the BIA indicated it was addressing the pro se request to reconsider and/or reopen filed on November 29, 2004, rather than the untimely, counseled request to reopen dated February 4, 2005 (which it did not even mention). Regardless, even if the BIA's decision is construed as implicitly rejecting all additional arguments raised, no abuse of discretion is remotely discernible. With regard to the pro se filing, the request to reconsider was justifiably denied as untimely. See 8 C.F.R. § 1003.2(b)(2) (imposing 30-day deadline). The request to reopen referred to "new information" but never explained what it was. See id. § 1003.2(c)(1) (requiring that motion to reopen "state the new facts that will be proven at a hearing" and "be supported by affidavits or other evidentiary material"). That request also complained vaguely about ineffective assistance of counsel, but primarily with respect to an unrelated matter (petitioner's custody) and in a manner that failed to satisfy the so-called Lozada requirements. See, e.g., Betouche v. Ashcroft, 357 F.3d 147, 149-51 (1st Cir. 2004) (applying Matter of Lozada, 19 I. & N. Dec. 637, 639 (BIA 1988)).

The counseled filing, in turn, focused upon a pair of developments in state court: reductions in the sentences for two of petitioner's domestic-assault convictions. In petitioner's view, those convictions were thereby removed from the category of "aggravated felony." Yet such reductions (only one of which could be considered new evidence) were of scant relevance here. Petitioner's deportation was not based on the assault convictions; it was based solely on his controlled-substance conviction, which remains intact. And the BIA denied § 1182(c) relief even while assuming arguendo that the assault convictions were not aggravated felonies (as the IJ had found). We also note that a state court's decision to reduce a sentence because of collateral, immigration consequences does not diminish the gravity of the underlying crime for purposes of the § 1182(c) calculus.

For these reasons, the BIA cannot be said to have abused its discretion in declining either to reconsider its October 2004 decision or to reopen the deportation proceedings.

<u>The petition for review is denied. The stay of deportation earlier issued by this court is rescinded. The motion for release on bond is denied as moot.</u>

By the Court:

Richard Cushing Donovan, Clerk.

MARGARET CARTER

By: _____
    Chief Deputy Clerk.

[cc: George E. Babock, Esq., LaShawn White, Neil Cashman, Esq., Margot L. Nadel, Esq. Terri Jane Scadron, Esq.]