UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RODNEY ALFRED BUSTILLO, SR.,  )
  )
      Petitioner,  )
    v.  )      CIVIL ACTION
  )      NO.  05-11414-JLT
BRUCE CHADBOURNE,  )
Field Office Director,  )
  )
      Respondent.  )

## REPORT AND RECOMMENDATION
## ON RESPONDENT'S MOTION TO DISMISS

November 15, 2005

DEIN, U.S.M.J.

## I.  INTRODUCTION

The petitioner, Rodney Alfred Bustillo, Sr. ("Bustillo" or the "Petitioner"), has

filed a petition for a writ of habeas corpus ("Pet.") (Docket No. 1) challenging his

confinement during the pendency of his immigration proceedings.  This matter is

presently before the court on the Respondent's Motion to Dismiss (Docket No. 6).  On

September 20, 2005, the First Circuit issued a Judgment denying Bustillo's Petition for

Review of the decision of the Board of Immigration Appeals ("BIA") ordering that

Bustillo be deported to Honduras.  Bustillo v. Gonzales, ____ F.3d ____ (No. 05-1277)

(1st Cir. Sept. 20, 2005).[1]  In so ruling, the First Circuit rescinded its earlier stay of

---

[1]  A copy of the Judgment is attached to the Respondent's Report to Court and
Supplemental Memorandum in Support of Motion to Dismiss ("Resp. Supp. Mem.") (Docket
No. 13) at Attachment A.

deportation, and denied Bustillo's motion for release on bond as moot. Therefore, Bustillo will be scheduled for removal from the United States.

Since all the immigration issues have been resolved, and Bustillo has not established that he is likely to remain incarcerated for an extended period of time, this court recommends to the District Judge to whom this case is assigned that the Respondent's Motion to Dismiss (Docket No. 6) be ALLOWED.

## II.  STATEMENT OF FACTS

Bustillo was born on March 23, 1964, and has been a permanent resident of the United States since June 13, 1970, in addition to being a native citizen of Honduras. Pet. ¶¶ 1, 11; Return and Memorandum in Support of Motion to Dismiss ("Resp. Mem.") (Docket No. 7) at 2. He was convicted of delivery of a Class B controlled substance (cocaine) on February 12, 1995 in Providence, Rhode Island, and was sentenced to five years suspended, with six months incarceration. He served three months, one day. Pet. ¶ 12; Response to Motion to Dismiss ("Resp") (Docket No. 10) at 2, ¶ 6. This constitutes a conviction for an aggravated felony (a drug offense), and rendered the Petitioner deportable. Bustillo v. Gonzales at p. 2.

As a result of his conviction, the Bureau of Immigration and Customs Enforcement ("ICE") commenced deportation proceedings. Eventually, an Immigration Judge ruled in his favor and granted him discretionary relief on May 27, 2004. Pet. ¶ 12; Resp. at 3, ¶ 3. The government appealed, and Petitioner was again placed in custody on March 30, 2004, where he has remained to date. Pet. ¶¶ 3, 4, 12. On October 12, 2004, the BIA

reversed the Immigration Judge's order, and ordered Bustillo deported to Honduras.  Id.; Bustillo v. Gonzales at p. 2.

Bustillo did not pursue an immediate appeal, but rather moved the BIA to reconsider and/or reopen the matter.  Bustillo v. Gonzales at p. 2.  That motion was denied by the BIA on February 22, 2005.  Id.; Resp. Mem. at 3.  Bustillo then appealed the denial of his motion for reconsideration to the First Circuit.  On March 2, 2005, the First Circuit issued a stay of removal, which was extended on March 4, 2005.  On May 11, 2005, Bustillo filed a motion for release pending appeal in the First Circuit.  Resp. Mem. at Ex. A.

The First Circuit found the appeal to be appropriate for summary disposition, and entered Judgment on September 20, 2005.  In light of the procedural posture of the case and Bustillo's controlled-substance conviction, the First Circuit concluded that "the BIA cannot be said to have abused its discretion in declining either to reconsider its October 2004 decision or to reopen the deportation proceedings."  Bustillo v. Gonzales at p. 3. The stay of deportation previously issued by the First Circuit was rescinded, and the Petitioner's motion for release on bond was denied as moot.  Id.

### III.  ANALYSIS

The Respondent moved to dismiss the Petition prior to the First Circuit's decision. Therefore, the issues raised in the motion to dismiss shall be addressed only to the extent they remain relevant.

## District Court Jurisdiction

On May 11, 2005, Congress enacted the REAL ID Act of 2005, Pub. L. No. 109-13, Div. B 119 Stat. 231, 302 ("REAL ID Act").[2]  Pursuant to § 106 of the REAL ID Act, the Court of Appeals has exclusive jurisdiction over habeas petitions challenging a final administrative order of removal, deportation, or exclusion.  See Enwonwu v. Chertoff, 376 F. Supp. 2d 42, 81 (D. Mass. 2005).  The Respondent has moved to dismiss Bustillo's habeas petition on the grounds that this courts lacks jurisdiction to hear Bustillo's claim because of the REAL ID Act.  See Resp. Mem. at 4-10.  However, as the First Circuit and numerous other jurisdictions have concluded, jurisdiction to hear challenges to detention, rather than to removal decisions, remains with the District Court. Hernandez v. Gonzalez, 424 F.3d 42, 42-43 (1st Cir. 2005), and cases cited.  See also Sofowora v. Ashcroft, No. 10SCV00043OWW TAG HC, 2005 WL 2135198, at *1 (E.D. Cal. Sept. 2, 2005) (habeas petition under 28 U.S.C. § 2241 challenged pre-deportation detention, not the merits of the order of removal, so District Court had jurisdiction); Harrison v. Hogan, No. Civ. 1:CV-05-1376, 2005 WL 2020711, at *1 n.3 (M.D. Penn. July 18, 2005) (same).  Consequently, Bustillo's habeas petition is properly before this court.

---

[2]  The REAL ID Act is part of the broader Emergency Supplementation Appropriations Act for Defense and Global War on Terror, and Tsunami Relief, 2005, Pub. L. No. 109-13, 119 Stat. 231 (May 11, 2005).

## Length of Pre-Deportation Detention

"When an alien has been found to be unlawfully present in the United States and a final order of removal has been entered, the Government ordinarily secures the alien's removal during a subsequent 90-day statutory 'removal period,' during which time the alien normally is held in custody."  Zadvydas v. Davis, 533 U.S. 678, 682, 121 S. Ct. 2491, 2494, 150 L. Ed. 2d 653 (2001).  See 8 U.S.C. § 1231(a)(1)(A) (2005) ("when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days . . .").  The statute further provides that:

> [t]he removal period shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal.

8 U.S.C. § 1231(a)(1)(C).  Finally, the alien may be detained beyond the 90 day removal period, or released on conditions, if he is "determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal[.]"  8 U.S.C. § 1231(a)(6).  Such a period of detention cannot be indefinite or it would raise serious constitutional concerns.  Rather, "an alien's post-removal-period detention" must be limited "to a period reasonably necessary to bring about that alien's removal from the United States."  Zadvydas, 533 U.S. at 689, 121 S. Ct. at 2498.  In Zadvydas, the Supreme Court held that the presumptive limit to the post-removal-period of detention is six months.  "After this 6-month period, once the alien provides good reason to believe

that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Zadvydas, 533 U.S. at 701, 121 S. Ct. at 2505. However, this "does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." Id.

Relying on the six month period in Zadvydas, Bustillo, by his habeas petition, challenged his confinement which had begun in March 2004. The Respondent moved to dismiss this challenge on the grounds that it was Bustillo's legal appeals and his seeking a stay of deportation which had caused the delay following the final BIA order of removal on October 12, 2004. Consequently, according to the Respondent, continued detention was appropriate under 8 U.S.C. § 1231(a)(1)(C) (quoted above) because Bustillo had undertaken "acts to prevent [his] removal subject to an order of removal." See Resp. Mem. at 11-13. However, a reading of the statute clearly establishes that the "acts to prevent" must involve some "bad faith, dishonesty, or improper behavior. Such language simply does not contemplate precluding an alien from seeking legal avenues of relief in a court of competent jurisdiction. To hold otherwise would be to infuse unwarranted pejorative color into the pursuit of legitimate legal relief." Arevolo v. Ashcroft, 260 F. Supp. 2d 347, 349 (D. Mass. 2003). Consequently, Bustillo's own conduct in seeking judicial relief cannot justify his continued detention.

-6-

Nevertheless, the <u>Zadvydas</u> six-month period had no application to Bustillo's detention with respect to the period following the BIA final order of deportation.  That is because the stay of deportation granted by the First Circuit precluded the 90-day removal period from beginning.  Thus, 8 U.S.C. § 1231(a)(1)(B) provides that:

> The removal period begins on the <u>latest of the following</u>:
>
> (i)    The date the order of removal becomes administratively final.
>
> (ii)   <u>If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order</u>.
>
> (iii)  If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

(Emphasis added).  Since Bustillo obtained a stay of deportation, the 90-day removal period did not begin to run until the First Circuit lifted the stay on September 20, 2005.  <u>See</u>, <u>e.g.</u>, <u>Hendricks v. Ridge</u>, No. 3:CV-04-1956, 2005 WL 1500979, at *1 (M.D. Pa., June 23, 2005); <u>Sofowora v. Ashcroft</u>, 2005 WL 2135198, at *3.  Therefore, Bustillo's continued detention was not unlawful.

Bustillo is presently within the 90-day removal period, which began on the date of the First Circuit's final order (September 20, 2005).  Moreover, there is no evidence that Bustillo will not be removed from the United States in the reasonably foreseeable future.  Consequently, his continued detention is appropriate.  <u>See</u> <u>Zadvydas</u>, 533 U.S. at 701, 121 S. Ct. at 2505.  For these reasons, the Respondent's motion to dismiss should be allowed.

## IV.  **CONCLUSION**

For all the reasons detailed herein, this court recommends to the District Judge to whom this case is assigned that the Respondent's Motion to Dismiss (Docket No. 6) be ALLOWED.[3]

_____/ s / Judith Gail Dein_____
Judith Gail Dein
United States Magistrate Judge

---

[3]  The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72 any party who objects to these proposed findings and recommendations must file a written objection thereto with the Clerk of this Court within 10 days of the party's receipt of this Report and Recommendation.  The written objections must specifically identify the portion of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with this Rule shall preclude further appellate review.  See Keating v. Sec'y of Health & Human Servs., 848 F.2d 271, 275 (1st Cir. 1988); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 604-605 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also Thomas v. Arn, 474 U.S. 140, 153-54, 106 S. Ct. 466, 474, 88 L. Ed. 2d 435 (1985).  Accord Phinney v. Wentworth Douglas Hosp., 199 F.3d 1, 3-4 (1st Cir. 1999); Henley Drilling Co. v. McGee, 36 F.3d 143, 150-51 (1st Cir. 1994); Santiago v. Canon U.S.A., Inc., 138 F.3d 1, 4 (1st Cir. 1998).