UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Rodney A Bustillo, SR.,
　　Petitioner
　　v.                           CIVIL ACTION
Bruce Chadbourne,                NO. 05-11414-JLT
Field office Director
　　Respondent.

Petitioners objection
November 18, 2005

## I. INTRODUCTION

The Respondent Bruce Chadbourne, Has filed a Petition For motion To Dismiss of Bustillo's Petition For a writ of Habeas Corpus Base on The Fact That The First Circuit Rescinded it's Earlier Stay of Deportation and denied Bustillo's Review of The Decision of The (BIA) ordering That Bustillo be deported To Honduras. Bustillo v. Gonzales F.3d (No. 05-1277) (1st Cir. Sept 20, 2005).

It states that a copy was sent To The District court of Massachusetts This maybe True That a copy was sent but From That Time, Bustillo Had until Nov 4, 2005 To File a Timely motion To Reconsider

(1)

and this motion was filed by Bustillo Pro-Se to the "First Circuit Court" Bustillo has been in contact with the First Circuit Court and on Nov 16, 2005 motion to Reconsider Review of 212(c) Relief base on the ruling of the Supreme Court See: INS v. ST. Cyr, 150 L. Ed. 2d 347, 2001 After IIRIRA's Enactment, the Second Circuit held that although relief under former INA § 212(c) was Repealed (by IIRIRA) section 304(b), § 212(c) Relief Remained Available to Aliens in Removal Proceedings who Entered Guilty or Nolo Contendere Plea Prior to IIRIRA's Sept 30, 1996 Enactment. Likewise, Cancellation of Removal still Applies to all Aliens with Convictions - Pre-dating IIRIRA and to guilty Pleas Entered by Alien's to deportable crimes after it took Effect. See Goncalves v. Reno, See Francis v. INS, See Simon B Vargas v. INS.

Motion was Ex-cepted in Bustillo v. Gonzales 05-1277, by the First Circuit Court and a new stay is in Affect there for Bustillo is not Scheduled for Removal from the United States, Since all the Immigration Issues have not been Resolved and Bustillo has Established that he still has a likely Reason to Remain in the (U.S.A) Base on

(2)

New evidence and the fact that Bustillo's only deportable conviction was before the laws of (IIRAIRA) Act of 1996, which makes Bustillo clearly eligable for 212(c) Relief and Eligable for Bond not unlawfull Detention Bustillo ask this court for immediate release on some kind of Relief that is Do To Him by Law.

Bustillo's intends on fighting this case to the Supreme Court if he has to and Doing so Does·n't give the Respondent the Right to keep Bustillo <u>incarserated</u> for any more Time Extended Time, Bustillo should have the Right to fight his case and given a fear chance to the Right representation which is not possible while continued <u>incarceration</u> Do to the fact Bustillo has no more money to pay for a lawer.

To whom this case is assigned Bustillo Respectfully ask this court for Respondent's motion to Dismiss be Discontinued & Allow Bustillo's writ of Habeas Corpus be Granted Immediately.

## II. STATEMENT of FACTS

Bustillo was born on March 23, 1964,

(3)

and has been a permanent resident of the United State since coming to this country at the age of 5 June 13, 1970 with his sister and brother which are U.S. citizens, Bustillo has done all of his schooling from the first grade to the twelve grade once Bustillo graduated high school he entered the U.S. Army Infentry 1982-1985 Honorable discharge came home from Panama overseas and began working and paying tax, from that time Bustillo has kept on working and paying tax.

In 1986 Bustillo put applycation to become a U.S. citizen but was mark absent by (INS) copys was sent in his mother, Bustillo has five children and one new grandchild Age: 7 to 19 years old and a wife of 15 years all born in this country U.S. citizens.

Bustillo <u>Plead</u> <u>Nolo</u> on February 12, 1995 in Providence RI and was sentenced to five years suspended, with <u>six months</u> <u>Encarceration</u> and <u>only</u> <u>served</u> three months one day, Bustillo at the time of the plea was not aware of immigration consequences in 1995 other than pleading Bustillo would of took case to trial and would of had diffrent resolute. (ICE) commenced

(4)

deportation proceedings on May 14, 1995 and at that time should of been eligible for Relief from 212(c) for the fact Bustillo did not serve five years _imprisonment_ opinion in _INS v. ST. Cyr, 533 U.S. 289, 326, 150 L. Ed. 2d 347, 121 S. CT. 2271 (2001)_ The Supreme Court Held that discretionary Relief under former § 212(c) "Remains available for aliens ... whose convictions were obtained through plea agreements and who would have been eligible for § 212(c) Relief at the time of their plea under the law then in effect.

Because of Bustillo's lawyer at the time this case carried on for 10 years and base on that and the fact the Bustillo was out on a personal not Bond and never miss a court date and did not violate any agreement for the (DHS) to hold him in detention.

Bustillo sence 1995 has entered programs AA-NA, Domestic class, started school at night to change his life around and never had any other Drug charges.

In 1999 Bustillo started his own company - Bustillo Concrete Co. with 16 employees up to the day of his detention and would like to get back to his

(5)

business as a minority contracter in the state of Rhode Island for 6 years, also coach football, basketball, baseball for children in the past ten years trying to make a diffrence ages 6 to 16 also in Prov RI.

March 30, 2004 Bustillo was place in Detention and at that time again the (IJ) ordered Bustillo Release on Personal, April 10, 2004 was to be Bustillo's wedding to his long life girl friend and mother of there 3 children but (DHS) (ICE) Apealed Bustillo's Lawyer at the time didn't send in a Rebuttal but Bustillo was by Law still Eligible for Bond and not mandatory Detention.

<u>Judicial Action</u>. Bustillo should of been and should still be out on Bond because of the (IJ) Granting Him Release in April because Bustillo was not a Flight Risk or a Danger to Community and Bustillo's criminal conviction was before October 9, 1998, so He had the Right to Bond and should have been Released by Law under 8 U.S.C. § 1226(c) But the (DHS) and (BIA) Abuse there Power.

It is very clear that Bustillo is not being held because of the conviction or because Bustillo is not Eligible it's because of Bustillo at the time Relying on

(6)

His Lawyer but Bustillo's Lawyer never Pursue The Appeal Bustillo moved To Reconsider and/or Reopen and was denied For being Late.

Bustillo Then Filed a Stay Through Counsel Babcock not knowing The Lawyer Babcock was and is not A Immigration Lawyer but yet Has been Taken Bustillo's money From That Time Babcock Has not shown any motion or Rebuttal To Bustillo In-Fact Bustillo Has Never Seen This Lawyer Tell This Day This Is why Bustillo Has been Doing His own Pro-Se work.

In Light of The (BIA) decision, The (BIA) Said That Bustillo was Deportable because of Having Two Deportable crimes one being A Domestic 1996 This Sentence was and Is under one year and misdemeanor In The RI courts and For (INS) should not of been used To make decision Even If used This crime was before The (IIRIRA) Came In To Affect making Bustillo still Eligable For Bond.

Bustillo v. Gonzales Stay of Deportation is back In-Affect So Bustillo Ask For Release So He may Find Reliable Counsel Because From with-In There Is no Fear case The (DHS) is to Big For one man To Fight.

(7)

## III. ANALYSIS

The Respondent moved to dismiss the Petition to the First Circuit's decision but not knowing or just didn't want to give Bustillo the fear chance that is do to him in the name of Justice for that is what this country is all about Justice for all.

The issues raised in the motion to dismiss <u>should</u> <u>not</u> be address because <u>Bustillo's v. Gonzales</u> is still being reviewed so it is and still remains relevant and to Bustillo's interes. The First Circuit Court remain Bustillo's stay for review base on the question whether the (INS) can apply a new law retroactive in a way that will alter the immigration consequences of an immigrant's decision made under prior law under former 212(c) of the Immigration and Nationality Act (INA), 8 U.S.C § 1182(c) (Repealed 1996), Deportable Aliens who had accrued seven years Bustillo has 36 years of lawful permanent residence in the united states could request discretionary relief from deportation by arguing that the equities weighed in favor of their remaining in the United States. Even an Alien Deportable

(8)

because he had been convicted of an aggravated felony. See 8 U.S.C. § 1227(a)(2)(A)(iii)(1994), was eligible for such discretionary relief if he served a term of imprisonment <u>less</u> than <u>five</u> years.

### District Court Jurisdiction

The Respondent has moved to dismiss Bustillo's Habeas Petition on the grounds that this court lacks jurisdiction to hear Bustillo's claim because of the Real ID Act. However as stated challenges to detention remains with the District Court. See Hernandez v. Gonzalez, 424 F.3d 42, 42-43 (1st Cir 2005), and cases cited. See also <u>Sofowora v. Ashcroft</u>, No. 10SCV00043oWW TAG HC, 2005 WL 2135198, at *1 (E.D. Cal. Sept 2, 2005) (Habeas Petition under 28 U.S.C. § 2241 challenged pre-deportation detention, not the merits of the order of removal, so District Court had jurisdiction); Harrison v. Hogan, No. Civ. 1:CV-05-1376, 2005 WL 2020711, at *1 n3 (M.D. Penn. July 18, 2005) (same). Consequently, as Bustillo's Habeas Petition is properly before this court. Bustillo is no treat to this country and not a terrorist Bustillo fought for this country U.S. Army.

(9)

## Length of Pre-Deportation Detention

Bustillo understands the <u>Zadrydas</u>, 533 U.S. at 701, 121 S. CT. at 2505. "does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future."

Relying on the six month period in <u>Zadvydas</u> and the fact that he was and still is eligable for bond, Bustillo, by his Habeas Petition, challenged his confinement which had begun in March 30, 2004. Even after (IJ) Granted him release 10 days later when Bustillo whent in front of the Judge and Respondent sence been trying to dismiss Bustillo's every legal move from within Bustillo <u>has no chance</u> again the (INS)(DHS) is <u>to big</u> and has to <u>much money</u> and power over <u>Bustillo</u>.

Bustillo just ask for <u>his legal right's</u> nothing more nothing less. Consequently according to the respondent, continued detention was appropriate under 8 U.S.C. § 1231 (a)(1)(c) (quoting) that because Bustillo had

(10)

undertaken "acts to prevent [his] removal subject to an order of removal." See Resp. Mem. at 11-13. However, a reading of the statute clearly establishes that the "acts to prevent" must involve some <u>bad</u> faith <u>dishonesty</u>, or <u>improper</u> <u>behavior</u> and Bustillo has <u>done</u> <u>none</u> <u>of</u> <u>the</u> <u>above</u>. Such language simply does not contemplate precluding an alien from seeking legal avenues of relief in a court of competent jurisdiction.

To <u>hold</u> Bustillo <u>otherwise</u> <u>would</u> be to <u>infuse</u> unwarranted <u>pejorative</u> color into the pursuit of <u>legitimate</u> <u>legal</u> <u>relief</u>." <u>Arevolo v. Ashcroft</u>, 260 F. Supp. 2d 347, 349 (D. Mass. 2003). Consequently, Bustillo's own conduct in <u>seeking</u> <u>judicial</u> relief <u>cannot</u> <u>justify</u> his continued detention.

In fairness to Bustillo the Respondent should not of had Petitioner Bustillo in detention for he is and was eligible for bond. See Carlisle v. Landon 73 S. Ct. 1179 (1953) Employment; memberships in community organizations, manner of entry and length of time in the United States. See Matter of San Martin, 15 I&N Dec. 167 (BIA 1974) Respondent showing that he is not a danger nor flight risk. See Esogbue v Ashcroft 357 F.3d 352 (5th Cir 2004) was released on bond

(11)

while case pending in Lower Courts.

Law states crimes after 1996 but before 1998 you may be eligible for bond and not mandatory detention. INA § 236(c)(1) or INA § 236 A. Entitled to release on bond unless convicted of certain crimes as terrorist or is an arriving alien.

### IV. Conclusion

Bustillo has been in detention over one year and seven months has never tryed to disrespect the courts or any order upon him. Bustillo has just tryed to fight for what he believe he is entitle to and that is fear justice and his detention even after being eligable for bond is depriving him of having his freedom and the chance to provide for his wife & children and depriving him on being able to afford proper counsel/lawyer for his case.

Bustillo has a very good chance on winning his case because of his case being back in 1995 which he is eligable for 212(c) but needs proper lawyer to fight for him. For that and every reason

(12)

## LAST STATEMENT FROM THE HEART

I Bustillo have been in detention for over one year and seven months and in this time, I have seen, I have grown, I have gone through so much and have miss plenty mainly the touch of my children and the love of my family. I can truly say even though I have been away from them it has made are relationship even stronger than it was before and for this I will not give up.

Why because of the little things that we were always so busy to see or just ignored because of always thinking that there would be tomorrow that is something that I have definitely change in my life because tomorrow is not promise to any man or women only God knows what tomorrow brings for everyone. I have made some mistakes in life that I wish I could take back but that is not possible, but what is possible is my future with my family my children and my new grandchild.

I have been in detention for more time then what the state gave me when they sentence me back in 1995 my time has been paid to society more then one time.

(14)

Now it's time for me to pay what I owe my family and that is my love mainly to my little girl 7 years old, she needs me. Judge I know that this is not anything personal but it's becoming that now my children my wife are suffering everyday sence I have been in this fight it's very true.

There is know way I can keep this up because the (DHS) is <u>much</u> <u>bigger</u> then I'm and has much more money than I can ever get from in this place. I have no more money to pay for lawyers so in that part of the fight they have <u>won</u> they have <u>accomplish</u> that much taken my business away from me after all my hard work, making my family suffer is an other big <u>Accomplishment</u> by the <u>DHS</u> but what is really sad is that this is suppose to I guess help the American people, if this is true then what are my children? are they not American or they don't count because there father is from a different country that makes everything ok.

Judge all I ask for is (Justice) the (IS) seen my family my mother my sister my children and my wife. and hurt each

(14)

each one at the Hearing and made her Decision at the point and time base on that and not because of a police Report or peace of paper please take a good look at my Life' <u>Accomplishments</u> They are well over my wronges in this Country.

Thank you

[signature]

(11)

I certify that I served a copy of the attached materials on the Respondents
Frank Crowley
Special Assistant U.S. Attorney
Department of Homeland Security
PO Box 8728
JFK Station
Boston, MA 02114
by placing a copy of the above in the mail system at the facility where I am detained. Date 21, 2005

*[signature]*

(16)

A19-325-551

Detailed Herein and all Information That Bustillo Has Provided The Court In The Past He Ask For Motion To Dismiss not be Allowed and order Bustillo Release From Detention In Fairness & Justice. Immediately Following This Motion.

Rodney A Bustillo sc
Pro-se  A19-325-551
Wyatt Detention Center
950 High Street
Central Falls RI 02863

(17)